IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEUNESSE, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>ZHOU XIIJAN a/k/a JOE ZHOU, NANJING JOYMAIN SCIENCE & TECHNOLOGY DEVELOPMENT CO., TIM RICHERSON and VIIVA, LLC,<br><br>      Defendants. | Case No. 20-CV-00468-LPS |

**STIPULATED AND AGREED JUDGMENT, PERMANENT INJUNCTION, AND ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANTS ZHOU XIIJAN AND VIIVA, LLC**

Pursuant to the stipulations and the agreements of Plaintiff, JEUNESSE, LLC ("Jeunesse"), and Defendants, ZHOU XIIJAN a/k/a JOE ZHOU ("Zhou") and VIIVA, LLC ("Viiva") (hereinafter collectively referred to as the "Settling Defendants"),

**WHEREAS,** this action was commenced on April 2, 2020, by the filing of the Complaint;

**WHEREAS,** each Settling Defendant was served with summons and the Complaint;

**WHEREAS,** in the Complaint, Jeunesse seeks injunctive relief and monetary damages against Defendants for alleged breach of The Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*, and for substantial and related claims under Delaware statutory and common laws, including alleged breach of Delaware's Uniform Trade Secrets Act,

1

DEL. CODE ANN. § 2001, *et seq.*, alleged breach of Delaware's Uniform Deceptive Trade Practices Act, DEL. CODE ANN. § 2531, *et seq.*, alleged breach of contract, and alleged tortious interference with economic advantage;

**WHEREAS**, Jeunesse alleges that it has sustained substantial, immediate, and irreparable injury and claims that it is entitled to damages and injunctive relief, as alleged in the Complaint;

**WHEREAS**, the Settling Defendants do not admit the allegations in the Complaint, and expressly deny any wrongdoing or liability to Jeunesse, but are nevertheless willing to stipulate to this Judgment and Permanent Injunction to avoid the cost, inconvenience, and uncertainty of litigation; and

**WHEREAS**, Settling Defendants now stipulate and consent to this Judgment and Permanent Injunction, to its prompt entry by the Court, and to each provision herein.

**NOW THEREFORE**, upon consent of the parties hereto, it is

**HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. For the purposes of this action, this Court has jurisdiction over the subject matter of this case and jurisdiction over Settling Defendants.

2. For the purposes of this action, venue is proper in this District.

3. Settling Defendants hereby waive any and all right to an appeal from this Judgment and Permanent Injunction.

4. Settling Defendants are permanently enjoined and restrained from directly or indirectly, maintaining, possessing, disclosing, using, or sharing any of Jeunesse's confidential information actually received in connection with the 2017 or 2019 failed

acquisition/merger negotiations involving Jeunesse, Nanjing Joymain, Zhou, and Richerson, including the confidential information referenced in the 2017 and 2019 Confidentiality Agreements (Docs. 1-1 and 1-2 of the court record) (the "Confidential Jeunesse Data").

5. Settling Defendants shall return all Confidential Jeunesse Data within their possession, custody, or control within 24 hours of the entry of this Judgment and Permanent Injunction and confirm in writing that any electronically stored Confidential Jeunesse Data within Settling Defendants' possession, custody, or control has been destroyed.

6. Settling Defendants are prohibited from manufacturing, distributing, selling, marketing, advertising, or promoting any product bearing the name "AM/PM" or any variation of the name "AM/PM" as it relates to nutritional supplements, vitamins, or similar products, including "AMPM III."

7. Settling Defendants are prohibited from soliciting, inducing, encouraging, or attempting to solicit, induce, or encourage, for one (1) year from the entry of this Judgment and Permanent Injunction any of the following: Dr. Vincent Giampapa and any member of Jeunesse's executive team.

8. Settling Defendants are prohibited from aiding, assisting, or abetting any other individual or entity in doing any act prohibited by ¶¶ 4-7 herein.

9. No later than five (5) business days after the entry of this Judgment and Permanent Injunction, Settling Defendants shall pay Jeunesse the total sum of $5,000, representing a portion of the attorneys' fees incurred by Jeunesse to bring this action.

10.	This Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

11.	Jeunesse and the Settling Defendants are prohibited from making any public statement regarding each other or the subject matter of this lawsuit. If either Jeunesse or any of the Settling Defendants are asked about the subject matter of this lawsuit they may respond only that the dispute was settled on mutually agreeable terms without any party admitting wrongdoing pursuant to this stipulated Judgment and Permanent Injunction.

12.	If any Settling Defendant is found by the Court to be in contempt of, or otherwise to have violated this Judgment and Permanent Injunction, Jeunesse shall be entitled to all available relief which the Court may award, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

13.	The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and Permanent Injunction.

**IT IS FURTHER ORDERED** that, pursuant to FED. R. CIV. P. 41(a)(2), all claims asserted against Zhou Xiijan and Viiva, LLC are hereby dismissed with prejudice, with each party to bear its/his own attorney's fees and costs, preserving all rights to pursue the pending causes of action against Defendant Nanjing Joymain Science & Technology Development Co.

**SO ORDERED.**

Wilmington, Delaware, this _____ day of _____ 2020.

_____
Leonard P. Stark
Judge, United States District Court

**Stipulated and Agreed:**

s/ *Andrew E. Cunningham*
Andrew E. Cunningham, Esq.
DE Bar No. 5472
IL Bar No. 6314441
SESSIONS, FISHMAN, NATHAN & ISRAEL
141 West Jackson Boulevard, Suite 3550
Chicago, Illinois 60604
Telephone: (312) 578-0992
Facsimile: (877) 334-0661
acunningham@sessions.legal

s/ *John R. Barlow*
John R. Barlow, Esq.
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building
Nine Exchange Place,
Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
jbarlow@mbmlawyers.com

Attorneys for Defendants,
Zhou Xiijan and Viiva, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2020, a true and correct copy of **Stipulated and Agreed Judgment, Permanent Injunction, and Order of Dismissal With Prejudice of Defendants Zhou Xiijan and Viiva, LLC** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Andrew E. Cunningham*
Andrew E. Cunningham

*Attorney for Plaintiff*
*Jeunesse, LLC*